# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 3:97CR00022 |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **DAVID DANIELS,** ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |

On September 17, 1998, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On March 11, 2008, the court received a letter from the defendant which the court treated as a Motion to Reduce Sentence pursuant to § 3582(c)(2).

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied. The defendant pled guilty to conspiring to distribute cocaine base, in violation of 21 U.S.C. § 846. Pursuant to a plea agreement, the defendant was held responsible for at least 150 grams, but less than 500 grams of crack cocaine. Under the amended guidelines, that drug weight is assigned a base offense level of 32. After accounting for the defendant's actions which obstructed justice and his acceptance of responsibility, he has a Total Offense Level of 31. With a Criminal History Category of II, the amended sentencing guidelines recommend a term of incarceration between 121 and 151 months. Unfortunately for the defendant, the plea agreement also stipulated that the government would seek an enhanced penalty pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. The enhanced penalty—apparently predicated upon the defendant's 1993 North Carolina felony conviction for possession with intent to manufacture, sell, and deliver marijuana—resulted in a statutory mandatory minimum of 240 months. 21 U.S.C. § 841(b)(1)(A). At his original sentencing, the defendant was sentenced to 240 months. Because the defendant has already been sentenced to the statutory mandatory minimum, this court lacks the authority to reduce his sentence.

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence (Doc. No. 40) is **DENIED**.

The Clerk will send copies of this order to the defendant at his place of confinement and to the United States Attorney's Office.

ENTER: March 28, 2008

 /S/ JAMES P. JONES
Chief United States District Judge